UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| PATRICIA DELAGRANGE and ANGELA DELAGRANGE, ) ) ) Plaintiffs, ) ) ) v. ) ) ) SUSAN MATTHEWS and ) IVAN LEBAMOFF, ) ) Defendants. ) | CAUSE NO.: 1:04-CV-454-TS |

## OPINION AND ORDER

The pro se Plaintiffs, Patricia Delagrange and Angela Delagrange, are a former wife and a daughter of decedent Dale T. Delagrange. They sued the Defendants, Susan Matthews and Ivan Lebamoff, because they believe that Matthews coerced Dale to execute a will for her and that Lebamoff, Dale's attorney at the time, fraudulently assisted in executing the will. The Defendants moved to dismiss the case for lack of jurisdiction. This Order addresses that motion.

**A. Complaint**

The Plaintiffs' Complaint and the Amended Complaint allege the following:[1]

Plaintiff Patricia Delagrange used to be married to Dale T. Delagrange. Plaintiff Angela

---

[1] The Plaintiffs filed their Complaint on December 3, 2004. They amended the Complaint on March 14, 2006. The amended Complaint incorporates by reference the original Complaint. This, of course, is contrary to Local Rule 15.1, which explicitly requires that "[a]ny amendment to a pleading . . . must, except by leave of court, reproduce the entire pleading as amended, and may not incorporate any prior pleading by reference." In deference to the Plaintiffs' pro se status, the Court will disregard this technical deficiency and will treat the Original Complaint and the Amended Complaint as one, referring to them as the "Complaint."

Delagrange is their daughter. Patricia and Dale divorced sometime before June 2001.

On December 20, 1990, Gladys I. Delagrange and Dale created a Delagrange Trust for Angela and her sister, Michele R. Delagrange. Gladys and Dale were also the trustees of the trust. The corpus of the trust was the real estate at 1633 Schilling Avenue, in Fort Wayne, Indiana.

Around June 2001, Dale learned that he had a terminal illness and that he had only three to twelve months to live. Angela, therefore, came to live with him and take care of him. But this did not last long.

Defendant Susan Matthews, who was living with her boyfriend in Indianapolis, also came to live with Dale. The Plaintiffs claim Matthews forced Angela out of Dale's house by verbally and physically abusing her. She then coerced Dale to make a will and leave everything to her. The Plaintiffs allege Defendant Ivan Lebamoff fraudulently executed the will so that she would inherit all the monies and assets from the Estate of Dale T. Delagrange and the Delagrange Trust. After Dale's death, Matthews and Lebamoff conspired to sell the real estate held by the Delagrange Trust and to keep the proceeds of the sale.

The Plaintiffs request compensation for loss of property and for the emotional harm they suffered as a result of the Defendants' alleged fraud.

**B.  Procedural History**

On March 7, 2006, the Defendants moved to dismiss the Complaint for lack of jurisdiction. On March 14, Magistrate Judge Cosbey held a hearing regarding the motion. Patricia was present but Angela was excused by the Court. During the hearing, Judge Cosbey construed the Plaintiffs'

2

March 6 filing entitled Motion to Continue (DE 14), as a response to the Defendants' motion.[2] He then set out a briefing schedule regarding the Motion to Dismiss, which he reconfirmed in an Order issued later that day. According to the schedule the Defendants' brief was due on June 15; the Plaintiffs' response was due on July 3; and the Defendants' reply was due on July 19. Two weeks after the hearing, on March 27, the Plaintiffs moved for additional time to file their response. Judge Cosbey granted the motion and extended their deadline for almost an additional month, until July 31.

The Defendants filed their brief in support of the motion to dismiss on the due date, as instructed by the Court. However, the Plaintiffs' response deadline came and passed without any brief or notice to the Court. However, on July 3, the Plaintiffs filed a motion to dismiss their case. In the motion, they stated that Defendant Lebamoff had passed away and that they wanted the federal case dismissed so that they could sue Lebamoff's estate in probate court. On July 10, the Plaintiffs amended their July 3 motion by requesting that the federal case be transferred to the state court. The next day, the Defendants filed a response, stating that they did not object to the dismissal, so long as it was with prejudice.

On July 25, this Court held a telephonic hearing regarding the Plaintiffs' July 3 motion to dismiss. On the morning of the hearing, the Plaintiffs sent a fax to the Court, stating they wanted the case against Lebamoff transferred to probate court and the claims against Matthews dismissed without prejudice so that they could refile the Complaint at a later date. (*See* DE 44.) In addition, they advised the Court of a telephone number at which they can be reached for the hearing. The

---

[2]In the motion, the Plaintiffs moved "to continue with this cause," *see* DE 14, not to continue any particular proceedings or deadline. Because the motion addressed questions associated with subject matter jurisdiction in diversity cases, Judge Cosbey properly construed it as a Response to the Defendants' Motion to Dismiss.

Court called that number at the time the hearing was to begin and then half an hour later but it could not reach the Plaintiffs. Both times, the Court left a voice mail message advising them to call back. So far, the Plaintiffs have not responded to the Court's request either by phone or in writing.[3]

At the hearing, the Court reaffirmed the briefing schedule regarding the Defendant's motion to dismiss. The minute entry of the hearing, outlining the due dates, was sent to the Plaintiffs via mail. As of the date of this Order, the Plaintiffs have not responded to the Defendant's brief.

**C.  Subject Matter Jurisdiction**

**(1)** *Standard*

A case may be dismissed under Federal Rule of Civil Procedure 12(b)(1) when the court lacks jurisdiction over the subject matter. "Subject-matter jurisdiction is the first question in every case, and if the court concludes that it lacks jurisdiction it must proceed no further." *Illinois v. City of Chi.*, 137 F.3d 474, 478 (7th Cir.1998).

When considering a motion to dismiss for lack of subject matter jurisdiction, a court must accept as true all well-pleaded factual allegations and draw all reasonable inferences in favor of the plaintiff. *Alicea-Hernandez v. Catholic Bishop of Chi.*, 320 F.3d 698, 701 (7th Cir. 2003). The movant may also use affidavits and other material to support its motion if the complaint is formally sufficient but the contention is that there is in fact no subject matter jurisdiction. *United Phosphorus, Ltd. v. Angus Chem. Co.*, 322 F.3d 942, 946 (7th Cir. 2003). The plaintiff has the obligation to establish jurisdiction by competent proof. *Sapperstein v. Hager*, 188 F.3d 852, 855–56 (7th Cir.1999). The presumption of correctness accorded to a complaint's allegations falls away on the

---

[3]This was not the first time the Plaintiffs failed to appear for a court proceeding. On June 20, both Plaintiffs failed to attend a court hearing before Judge Cosbey regarding their own motion to extend a discovery deadline.

jurisdictional issue once a defendant proffers evidence that calls the court's jurisdiction into question. *Id.* at 856. "Moreover, the plaintiff will have the burden of proof that jurisdiction does in fact exist." *W. Transp. Co. v. Couzens Warehouse & Distribs., Inc.*, 695 F.2d 1033, 1038 (7th Cir. 1982).

In diversity cases, the court has subject matter jurisdiction only if, at the time a case begins, an amount in controversy exceeds $75,000 and all opposing litigants are citizens of different states. *See* 28 U.S.C. § 1332(a); *Krueger v. Cartwright*, 996 F.2d 928, 931 (7th Cir. 1993) ("Under the rule of complete diversity, if there are residents of the same state on both sides of a lawsuit, the suit cannot be maintained under the diversity jurisdiction even when there is also a nonresident party."); *Denlinger v. Brennan*, 87 F.3d 214, 216 (7th Cir. 1996) ( "Jurisdiction depends on citizenship at the time a case begins."). "Citizenship for purposes of the diversity jurisdiction is domicile, and domicile is the place one intends to remain." *Dakuras v. Edwards*, 312 F.3d 256, 258 (7th Cir. 2002).

> Once a person's domicile is established, a new domicile is obtained only by a subsequent change of residence coupled with the intention of remaining indefinitely at the new residence. Among the objective factors considered to evidence the intention of the individual are: his declarations, the exercise of political rights, the payment of personal taxes, his house of residence, and his place of business.

*Seaboard Fin. Co. v. Davis*, 276 F. Supp. 507, 509 –10 (D.C. Ill. 1967).

According to 28 U.S.C § 1332(c)(2), "the legal estate of a decedent shall be deemed to be a citizen only of the same State as the decedent." In case of trusts, they are citizens "of whatever state the trustee is a citizen of." *May Dept. Stores Co. v. Fed. Ins. Co.*, 305 F.3d 597, 599 (7th Cir. 2002) (citing *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 464-66 (1980)).

5

**(2)** *The Parties' Contentions*

The Plaintiffs premise the subject matter jurisdiction in this case upon the diversity of the parties (Texas Plaintiffs v. Indiana Defendants). They submit that "both Plaintiffs are residence (sic) out of state" and that the "amount of damages is over $75,000." (DE 14.) The Defendants do not controvert the amount of alleged damages. They do, however, insist that the Court has no subject matter jurisdiction over the case because, at the time the lawsuit was filed, at least one of the Plaintiffs, Patricia, was a citizen of Indiana, the home-state of both Defendants (Texas Plaintiff and Indiana Plaintiff v. Indiana Defendants).[4]

The Defendants submitted documents showing that Patricia has been a registered voter in Allen County, Indiana, since April 4, 1996. They also point to Patricia's May 1, 2006, filing which contains her statement to Allen Superior Court on September 29, 2004, that her McKinney, Texas, address was temporary and that she would be moving to Indiana around December 5, 2004. The filing also contains her follow-up statement to the same court indicating that as of March 1, 2005, she lived in Indianapolis. The Defendants also submitted records from Indiana Secretary of Sate showing that Patricia was the president of Delagrange Enterprises, Inc., an Indiana corporation in existence from June 17, 1993, until March 12, 2001, and the president of Heritage Village Enterprises, Inc., another Indiana corporation in existence from November 23, 1992, until September 27, 2000. The Defendants argue that this evidence is sufficient to show that on December 3, 2004, at the time this lawsuit was filed, Patricia was an Indiana citizen.

In addition, the Defendants argue that incomplete diversity exists because two unnamed, but necessary, plaintiffs are from Indiana. They refer to the original Complaint, which invokes as injured

---

[4]Upon signing the Complaint, Patricia indicated her address as P.O. Box 47795, Indianapolis, IN 46247.

6

parties the Estate of Dale T. Delagrange and the Delagrange Trust. The Defendants indicate that both the Estate of Dale T. Delagrange and the Delagrange Trust are citizens of Indiana.

The Plaintiffs have not responded to the Defendants arguments. Thus, the extent of their proof of citizenship outside of Indiana is limited to the March 6 Motion to Continue in which they aver that both of them "are residence (sic) out of state" and that Patricia's "Indiana address was temporary." (DE 14.)

**(3)** *Discussion*

Although the Court liberally construes the Plaintiffs' Complaint and their limited response to the Defendant's Motion to Dismiss, the Court agrees with the Defendants that it lacks subject matter jurisdiction over this case. "The essence of liberal construction is to give a pro se plaintiff a break when, although he stumbles on a technicality, his pleading is otherwise understandable." *Hudson v. McHugh*, 148 F.3d 859, 864 (7th Cir. 1998). However, the Plaintiffs fail not on technicalities but on core jurisdictional requirements.

The Defendants properly challenged the Court's jurisdiction. But the Plaintiffs, who must establish jurisdiction by competent proof, have not submitted any documents showing that, at the time of filing this case, Patricia domiciled outside of Indiana. The record contains only their statement in the March 6 Motion to Continue that Patricia's address in Indiana, at the time of filing this case, was temporary. The record is devoid of any tax, bank, creditor, or insurer statements, or of any other documents that would attest that, on December 3, 2004, Patricia intended to live indefinitely outside of Indiana and that her Indianapolis residence was temporary. The Court has provided the Plaintiffs ample time to gather and file such records, and their continued filings in the

case on different matters, demonstrate that they were capable of doing so. The Plaintiffs have done nothing to counter the Defendants' evidence suggesting that Patricia was indeed domiciled in Indiana when this case started. Accordingly, the Court finds that the Plaintiffs have failed their burden to establish complete diversity.

But the lack of diversity between Patricia and the Defendants is not the only jurisdictional flaw in this case. As the Defendants point out, the Estate of Dale T. Delagrange and the Delagrange Trust are two necessary, but unnamed, plaintiffs in this case, which destroy the diversity of the parties. For the purposes of diversity jurisdiction, the Estate of Dale T. Delagrange is a citizen of Indiana because the decedent, Dale, was a citizen of Indiana. *See* § 1332(c)(2). Moreover, the Delagrange Trust is also an Indiana citizen, deriving its domicile from Gladys I. Delagrange, an Indiana trustee. These factors destroy complete diversity, a necessary element of diversity jurisdiction. *See May Dept. Stores Co.*, 305 F.3d at 599.

Although the Court is satisfied that it lacks jurisdiction over the Plaintiffs's claim because of incomplete diversity, it notes an additional obstacle to its authority over the case, the probate exception. Under this exception, "even when the requirements of diversity jurisdiction have been met—the parties are diverse and the amount in controversy exceeds the jurisdictional threshold, a federal court nonetheless lacks jurisdiction over cases involving probate matters." *Storm v. Storm*, 328 F.3d 941, 943 (7th Cir. 2003). The Plaintiffs' Complaint speaks of Matthews coercing Dale into making a will to her, and Ivan Lebamoff fraudulently executing this will. The Plaintiffs are thus challenging the validity of the will, a matter generally reserved to state courts. "Given that federal courts rarely, if ever, deal with such matters, and that the Indiana state courts are vastly more familiar with the factual and legal issues involved, dismissal in this case is consistent with the policy

8

behind the probate exception." *Storm*, 328 F.3d at 946.

Since the Court finds that it has no jurisdiction over the Plaintiffs' Complaint, it need not consider other bases for the Defendants' Motion to Dismiss.

## CONCLUSION

For these reasons, the Court grants the Defendant's Motion to Dismiss [DE 12] and dismisses the Plaintiffs' Complaint for lack of subject matter jurisdiction.[5]

SO ORDERED on September 12, 2006.

    S/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT

---

[5]Coincidentally, the Court's decision to dismiss the case satisfies the Plaintiffs' request for dismissal. (*See* DE 38, 41, & 44.) Since the case is dismissed for lack of subject matter jurisdiction, the Court expresses no opinion about the merits of the Plaintiffs' Complaint.

9